# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| AT&T MOBILITY LLC,<br><br>    Plaintiff,<br><br>v.<br><br>T-MOBILE USA, INC.,<br><br>    Defendants. | Civil Action No. 4:22-CV-00760 |

**DEFENDANT T-MOBILE USA, INC.'S MOTION TO DISMISS THE COMPLAINT
<u>PURSUANT TO RULE 12(b)(2)</u>**

## **TABLE OF CONTENTS**

**Page**

I. PRELIMINARY STATEMENT ...........................................................................................1

II. STATEMENT OF FACTS ...................................................................................................2

    A. The Allegations Regarding T-Mobile's Advertisement ..........................................2

    B. The Jurisdictional Allegations .................................................................................3

III. ARGUMENT .........................................................................................................................3

    A. The Court Must Determine Jurisdiction As a Threshold Matter .............................3

    B. Standard for Motion to Dismiss for Lack of Personal Jurisdiction .........................4

    C. T-Mobile Does Not Have Sufficient Minimum Contacts with Texas To Support the Court's Exercise of Personal Jurisdiction in This Action ....................5

IV. CONCLUSION....................................................................................................................13

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Alpine View Co. v. Atlas Copco AB*,
   205 F.3d 208 (5th Cir. 2000) ............................................................................................... 4, 6

*BNSF Railway Company v. Tyrrell*,
   137 S.Ct. 1549 (2017) ............................................................................................................ 8

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985) ....................................................................................................... 12, 13

*Calder v. Jones*,
   465 U.S. 783 (1984) ....................................................................................................... 10, 11

*CollegeSource, Inc. v. AcademyOne, Inc.*,
   653 F.3d 1066 (9th Cir. 2011) .............................................................................................. 11

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014) ........................................................................................................... 5, 6

*Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*,
   762 F.2d 464 (5th Cir. 1985) .................................................................................................. 3

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   564, U.S. 915 (2011) ............................................................................................................. 5

*Ham v. La Cienega Music Co.*,
   4 F.3d 413 (5th Cir. 1993) ........................................................................................... 4, 5, 12

*Int'l Shoe Co. v. Washington*,
   326 U.S. 310 (1945) ............................................................................................................... 5

*Intellect Design Arena, Inc. v. DataCubes Inc.*,
   No. CV1912184ESSCM, 2020 WL 2832568 (D.N.J. June 1, 2020) .................................... 11

*Johnson v. TheHuffingtonPost*,
   21 F.4th 314 (5th Cir. 2021) ............................................................................................. 9, 11

*L.G. Motorsports, Inc. v. NGMCO, Inc.*,
   No. 4:11CV112, 2012 WL 718594 (E.D. Tex. Mar. 6, 2012), *report and
   recommendation adopted*, No. 4:11CV112, 2012 WL 1081062 (E.D. Tex.
   Mar. 30, 2012) ...................................................................................................................... 10

*Mink v. AAAA Dev. LLC*,
   190 F.3d 333 (5th Cir. 1999) ................................................................................................ 10

*Monkton Ins. Servs., Ltd. v. Ritter*,
    768 F.3d 429 (5th Cir. 2014) ........................................................................................... *passim*

*New Earthshell Corp. v. Lycos Internet Ltd.*,
    No. 14-CV-7665, 2015 WL 170564 (D.N.J. Jan. 12, 2015) ......................................................4

*Nunes v. NBCUniversal Media, LLC*,
    582 F. Supp. 3d 387 (E.D. Tex. 2022*)* (Mazzant, J.) ...................................................... *passim*

*Revell v. Lidov*,
    317 F.3d 467 (5th Cir. 2002) ........................................................................................... *passim*

*Ruhrgas AG v. Marathon Oil Co.*,
    526 U.S. 574 (1999) ..................................................................................................................3

*Seiferth v. Helicopteros Atuneros, Inc.*,
    472 F.3d 266 (5th Cir. 2006) ................................................................................................8, 12

*Torson v. Hyundai Oilbank Co.*,
    No. 4:21-CV-00778, 2022 WL 79649 (S.D. Tex. Jan. 7, 2022), *aff'd*, No. 22-
    20065, 2022 WL 4103263 (5th Cir. Sept. 7, 2022) ..................................................................7

*Walden v. Fiore*,
    571 U.S. 277 (2014) ..................................................................................................................9

*Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*,
    952 F. Supp. 1119 (W.D. Pa. 1997) ......................................................................................9, 10

**Statutes**

28 U.S.C. § 1391(b)(2) .......................................................................................................................3

Lanham Act, 15 U.S.C. § 1125(a) .....................................................................................................2

**Other Authorities**

Fed. R. Civ. P. 12(b)(2) ................................................................................................................1, 13

Defendant T-Mobile USA, Inc. ("T-Mobile") submits this motion to dismiss the complaint filed by plaintiff AT&T Mobility LLC ("AT&T Mobility") for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(2).

## I. PRELIMINARY STATEMENT

AT&T Mobility's false advertising claim against T-Mobile does not belong in a Texas court. T-Mobile is not based in Texas. AT&T Mobility is not based in Texas. The challenged website advertisement does not mention Texas nor is it targeted specifically at Texas consumers. It is viewable everywhere, and AT&T Mobility alleges that the advertisement targets senior citizens nationwide. This case does not even involve Texas law. There are no facts connecting the allegations in this case with Texas sufficient for personal jurisdiction to exist over T-Mobile in this Court for this action.

AT&T Mobility is seeking a preliminary injunction to suppress T-Mobile's truthful message about AT&T Mobility's senior wireless discount practices. Before the Court can decide that issue, however, it must determine that due process allows the Court to exercise personal jurisdiction over T-Mobile for AT&T Mobility's claims. The U.S. Supreme Court has held that, absent exceptional circumstances, corporations are subject to general personal jurisdiction only where they are incorporated or have a principal place of business—neither of which is Texas in T-Mobile's case. Lacking general jurisdiction, AT&T Mobility has the burden of showing that there is specific personal jurisdiction over T-Mobile for this action because T-Mobile's suit-related conduct creates a substantial connection with Texas. Again, AT&T Mobility alleges nothing specifically connecting its claims to Texas to satisfy this burden. AT&T Mobility thus fails to establish a constitutional basis for a court in Texas to exercise personal jurisdiction over T-Mobile for this lawsuit.

Accordingly, T-Mobile respectfully requests the Court grant its motion to dismiss for lack of personal jurisdiction and dismiss AT&T Mobility's complaint in its entirety.

## II.   STATEMENT OF FACTS

### A.   The Allegations Regarding T-Mobile's Advertisement

AT&T Mobility and T-Mobile are competitors in the wireless communications industry. (ECF 1 ("Compl.") ¶¶ 1, 18.)  The complaint alleges a false advertising claim under the Lanham Act, 15 U.S.C. § 1125(a), based on T-Mobile's advertising campaign on the website "BannedSeniors.com."  (*Id*. ¶¶ 19-20, 24-33 (the "Senior Discount Website" or "Website").) Because AT&T Mobility offers 55+ discounts only to Florida seniors, who constitute an estimated 8% of seniors nationwide, the Senior Discount Website truthfully declares that AT&T Mobility "Ban[s] Senior Discounts" to the 92% of seniors who live outside of Florida.  (*See id.* ¶¶ 5, 7.) The Website goes on to list "Three Ways to Get a 55+ Discount": (1) Switch to T-Mobile; (2) Move to Florida, and (3) Get a Virtual Florida Mailbox.  (*Id*. ¶¶ 7, 24.)  Under the heading, "Looking for a 55+ Discount?," the Website also provides illustrative comparison maps of the continental United States showing the states in which T-Mobile and AT&T Mobility, respectively, offer discounted 55+ plans.  (*Id*. ¶ 25.)

The Senior Discount Website is "available on the internet to consumers nationwide."  (*Id*. ¶ 26.)  The complaint alleges that the Website "convey[s] the false message that Florida is the only state in which AT&T customers over 55 can receive discounted wireless service" and has harmed AT&T Mobility.  (*Id*. ¶¶ 25-32.)  It further alleges that the referenced statements on the Website are "literally false" (*id.* ¶ 8) because AT&T Mobility allegedly "offers discounts to senior citizens in *all states*."  (*Id*. ¶ 11 (emphasis in original).)  Specifically, AT&T Mobility alleges that it "offers and markets a discount program in partnership with the AARP" (*id.* ¶ 21), that AT&T Mobility's "AARP discount program is available to AT&T customers nationwide" (*id.* ¶ 23), and that

2

"through AARP, AT&T offers millions of seniors across *every state* discounts on monthly service charges and activation fees." (*Id.* ¶ 10 (emphasis in original).)

### B. The Jurisdictional Allegations

AT&T Mobility "is a Delaware corporation with its principal place of business in Atlanta, Georgia." (*Id.* ¶ 13.) T-Mobile is "a Delaware corporation with its principal place of business in Bellevue, Washington." (*Id.* ¶ 14.) As the purported basis for this Court's exercise of personal jurisdiction over T-Mobile, AT&T Mobility alleges only that T-Mobile "is registered to do business in the State of Texas" and that it "does business in the State of Texas." (*Id.* ¶ 16.)

AT&T Mobility also claims that venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) "because a substantial part of the events or omissions giving rise to AT&T's claims occurred in this district" and that the "nationwide marketing and advertising" at issue in this action "are intended to reach and likely have reached consumers in this district." (*Id.* ¶ 17.) Finally, AT&T Mobility alleges that, "according to its website, T-Mobile operates numerous stores at various locations throughout this district," which it alleges "stand to gain [] or are gaining" from the advertisements that are the subject of this action. (*Id.*)

## III. ARGUMENT

### A. The Court Must Determine Jurisdiction As a Threshold Matter

The question of the Court's jurisdiction over a particular action must be established as a threshold matter before the Court may consider the merits. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999). "The requirement that jurisdiction be established as a threshold matter ... is 'inflexible and without exception,' for '[j]urisdiction is power to declare the law,' and '[w]ithout jurisdiction the court cannot proceed at all in any cause.'" *Id.* (citing *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83 (1998)). This threshold determination applies even when an application for preliminary injunction is pending. *See, e.g.*, *Enter. Int'l, Inc. v.*

3

*Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 471 (5th Cir. 1985) ("Where a challenge to jurisdiction is interposed on an application for a preliminary injunction '[t]he plaintiff is required to adequately establish that there is at least a reasonable probability of ultimate success upon the question of jurisdiction when the action is tried on the merits.'") (quoting *Visual Scis., Inc. v. Integrated Commc'ns Inc.*, 660 F.2d 56, 59 (2d Cir. 1981)); *New Earthshell Corp. v. Lycos Internet Ltd.*, No. 14-CV-7665, 2015 WL 170564, at *2, *5-6 (D.N.J. Jan. 12, 2015) (finding no personal jurisdiction and denying plaintiff's preliminary injunction motion, explaining that "personal jurisdiction is a threshold issue that the Court should address before considering the merits of Plaintiff's preliminary injunction").

Here, the Court must determine whether personal jurisdiction exists over T-Mobile before deciding AT&T's pending motion for a preliminary injunction.

      **B.**      **Standard for Motion to Dismiss for Lack of Personal Jurisdiction**

It is AT&T Mobility's burden to establish personal jurisdiction. *See Nunes v. NBCUniversal Media, LLC*, 582 F. Supp. 3d 387, 394 (E.D. Tex. 2022) (Mazzant, J.) (citing *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990)). In the absence of an evidentiary hearing, AT&T Mobility must present sufficient facts for a *prima facie* showing of jurisdiction. *See Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000); *see also Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 431 (5th Cir. 2014) ("The plaintiff has the burden to make a prima facie showing that personal jurisdiction is proper"); *Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993) ("Plaintiffs typically carry the burden of proof on personal jurisdiction by making a *prima facie* showing"). The Court will accept as true any uncontroverted jurisdictional facts in the complaint when considering a motion to dismiss. *See Alpine View Co.*, 2015 F.3d at 215 (collecting cases).

4

When analyzing whether it has jurisdiction over a nonresident defendant, a court engages in a two-step process. *Ham*, 4 F.3d at 415. First, the court "determines whether the long arm statute of the forum state permits exercise of jurisdiction. It then determines whether such exercise comports with due process." *Id.* (cleaned up). Because Texas courts interpret the Texas long-arm statute to extend to the limits of due process under the Constitution, the only remaining inquiry is whether the Court's exercise of personal jurisdiction comports with due process. *See Nunes*, 582 F. Supp. 3d at 394; *Revell v. Lidov*, 317 F.3d 467, 469–70 (5th Cir. 2002) ("Because Texas's long-arm statute reaches to the constitutional limits, we ask, therefore, if exercising personal jurisdiction over [defendants] would offend due process.").

T-Mobile is not a Texas resident. (Compl. ¶ 14.) AT&T Mobility, therefore, must show that T-Mobile "purposefully availed [itself] of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state," *Monkton*, 768 F.3d at 431 (citing *Latshaw v. Johnston,* 167 F.3d 208, 211 (5th Cir. 1999)), such that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014) (citing *Int'l Shoe Co. v. Washington¸* 326 U.S. 310 (1945) and *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564, U.S. 915, 922 (2011)).

### C. T-Mobile Does Not Have Sufficient Minimum Contacts with Texas To Support the Court's Exercise of Personal Jurisdiction in This Action

There are two types of personal jurisdiction: general and specific. *See Monkton*, 768 F.3d at 431 ("Sufficient minimum contacts will give rise to either specific or general jurisdiction."). In 2014, the Supreme Court in *Daimler AG v. Bauman* rearticulated the standards for both general and specific personal jurisdiction. The Court confirmed that specific personal jurisdiction has evolved as the "centerpiece of modern jurisdiction theory" (citing *Goodyear*, 564 U.S. at 925) following *International Shoe Co. v. Washington*, 326 U.S. 310, which "cut [it] loose" from the

5

traditional, "rigidly territorial focus[,]" but that the Court has "declined to stretch general jurisdiction beyond limits traditionally recognized.'" 571 U.S. at 118.

General, or all-purpose, jurisdiction applies if a foreign entity is amenable to suit in the forum state for any claims against it. *See Daimler AG*, 571 U.S. at 127. A court has general jurisdiction over a defendant corporation if the corporation is "essentially at home in the forum State." *Id*. As *Daimler* confirmed, corporations are generally "at home" only in their state of incorporation or principal place of business. *See Monkton*, 768 F.3d at 432 (recognizing that the place of incorporation and principal place of business are now the "paradigm bases for jurisdiction") (citing *Daimler AG*, 571 U.S. at 760). "It is, therefore, incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business." *Id.*; *see also Daimler AG*, 571 U.S. at 137-38 (holding that the exercise of general jurisdiction to "every State in which a corporation 'engages in a substantial, continuous, and systematic course of business . . . is unacceptably grasping'") (internal citation omitted).

Specific jurisdiction, in contrast, "focuses on the relationship among the defendant, the forum, and the litigation." *Monkton*, 768 F.3d at 432–33 (citing *Walden v. Fiore*, 571 U.S. 277, 284 (2014)). Such jurisdiction may exist over a corporate defendant only "when that corporation has purposefully directed its activities at the forum state and the 'litigation results from alleged injuries that 'arise out of or relate to' those activities." *Alpine View Co.*, 205 F.3d at 215 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)); *see also Revell*, 317 F.3d at 470 (specific jurisdiction is appropriate "when the defendant's contacts with the forum arise from, or are directly related to, the cause of action") (internal citations omitted).

1. The Court Does Not Have General Jurisdiction Over T-Mobile

T-Mobile is a Delaware corporation headquartered in Bellevue, Washington. (Compl. ¶ 14.) It is, therefore, "at home" and subject to general jurisdiction only in Delaware and

6

Washington.  *See Nunes*, 582 F. Supp. 3d at 395 ("Because a corporation that operates in many states or countries can scarcely be deemed at home in all of them, 'when a corporation is neither incorporated nor maintains its principal place of business in a state, mere contacts, no matter how systematic and continuous, are extraordinarily unlikely to add up to an exceptional case.'") (internal citations omitted); *see also Monkton*, 768 F.3d at 432 (finding the defendant's Texas contacts were not sufficiently continuous and systematic to render it "at home" in Texas).

AT&T Mobility's sole allegation in support of the Court's exercise of personal jurisdiction over T-Mobile is that T-Mobile "is registered to do business in the State of Texas" and "does business in the State of Texas."  (Compl. ¶ 16.)  This is not the standard for general personal jurisdiction under U.S. Supreme Court jurisprudence.  "To find an exceptional case under these circumstances would render every foreign company registered to do business in Texas 'at home' in this jurisdiction.  Any such holding would plainly contravene the high standard for general jurisdiction set by the Supreme Court."  *Torson v. Hyundai Oilbank Co.*, No. 4:21-CV-00778, 2022 WL 79649, at *3 (S.D. Tex. Jan. 7, 2022), *aff'd*, No. 22-20065, 2022 WL 4103263 (5th Cir. Sept. 7, 2022) (finding registration to do business in the state insufficient to establish an exception to the general rule that a defendant corporation is at home only in its place of incorporation or principal place of business).

In support of its choice of venue, AT&T Mobility alleges T-Mobile has several retail stores within this district that stand to benefit from its "nationwide" advertising campaign. (Compl. ¶ 17.) But this allegation fails to establish general jurisdiction over T-Mobile.  A business presence within the state, or even having many Texas-based consumers, is not an "exceptional case" in which the Court may exercise jurisdiction over a non-resident corporation. *See Torson*, 2022 WL 79649 at *3.  Rather, a corporate defendant's activities in the forum must have created a "surrogate principal

7

place of business" there. *See Nunes*, 582 F. Supp. 3d at 396 (citing *BNSF Railway Company v. Tyrrell*, 137 S.Ct. 1549, 1549 (2017)).

In *Nunes*, the Court found that NBC Universal's contacts with Texas fell "far short" of this standard, even though the plaintiff alleged that NBC Universal had "corporate and retail offices and agents throughout Texas," because "doing business within a state" is not in itself a sufficient basis for general personal jurisdiction. *Id.* (citing *Butowsky v. Gottlieb*, No. 4:19-CV-00180, 2020 WL 5757223 at *4 (E.D. Tex. Sept. 28, 2020)). For multistate corporations like T-Mobile, "a general jurisdictional analysis . . . requires the court to assess the company's local activity not in isolation, but in the context of the company's overall activity." *Id.* (citing *BNSF*, 137 S.Ct. at 1559).

AT&T Mobility does not allege or provide any evidence to support an allegation that T-Mobile's activities in Texas are so disproportionate to the rest of the nation as to render Texas its surrogate principal place of business. Accordingly, this Court does not have general personal jurisdiction over T-Mobile. *See, e.g.*, *BNSF*, 137 S. Ct. at 1553.

2. The Court Does Not Have Specific Jurisdiction Over T-Mobile

Courts in this circuit apply a three-step analysis for determining whether there is specific jurisdiction over a non-resident defendant: "(1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *Monkton*, 768 F.3d at 433 (citing *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006)). AT&T Mobility must establish the first two prongs, at which point the burden would shift to T-Mobile to show that the exercise of personal jurisdiction would be unfair and unreasonable. *See Seiferth*, 472 F.3d at

271. Significantly, the specific jurisdiction analysis focuses on whether a "defendant's *suit-related conduct* . . . create[s] a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. at 284 (emphasis added).

### (a) T-Mobile Did Not Direct Its Suit-Related Activities Toward Texas

Importantly, AT&T's complaint does not allege that T-Mobile's conduct is directed at or references the state of Texas. Instead, the complaint alleges that the Senior Discount Website is directed at all states other than Florida. In particular, AT&T Mobility alleges that the Website is available "to consumers nationwide" (Compl. ¶ 26) and that it targets senior citizens everywhere but Florida by claiming that AT&T Mobility does not offer 55+ discounts outside of Florida. (*See id.* ¶¶ 5, 7, 24-25.) AT&T Mobility's allegations do not establish a *prima facie* case that T-Mobile purposefully directed its activities to Texas for the purpose of this advertising campaign.

It is well established that the presence and accessibility of the Website itself in the forum is insufficient to establish specific personal jurisdiction. *See Johnson v. TheHuffingtonPost*, 21 F.4th 314, 320 (5th Cir. 2021) ("Accessibility alone cannot sustain our jurisdiction"); *Nunes*, 582 F. Supp. 3d at 399 (finding no allegation that defendant specifically targeted Texas viewers where the website was "accessible to anyone in the world with an Internet connection.") (internal citations omitted). This is particularly so where, as here, the Website is passive rather than interactive. *See Revell*, 317 F.3d at 470 (applying the approach of *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997), for the rule that "[a] passive website, . . . will not be sufficient to establish personal jurisdiction); *Nunes*, 582 F. Supp. 3d at 399-400 ("passive website[s] [do] nothing more than advertise on the Internet") (citing *Miller v. Original Media Publ'g LLC*, A-12-CV-1147, 2013 WL 12109027, at *3 (W.D. Tex. Sept. 13, 2013)).

A passive website that "merely allows the owner to post information on the internet" resides at one end of the *Zippo* sliding scale, and cannot establish the minimum contacts necessary for the exercise of personal jurisdiction. *Revell*, 317 F.3d at 470. An interactive website is one in which the owners "engage in repeated online contacts with forum residents over the internet" and resides at the other end of the scale. *Id.* AT&T Mobility has alleged that T-Mobile's nationwide advertisements "likely have reached consumers in this district"—a description of a passive website that is merely accessible to consumers. *Revell*, 317 F.3d at 471; *see also Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336–37 (5th Cir. 1999) (dismissing action for lack of personal jurisdiction where defendant "maintains a website that posts information about its products and services" even though it provides users with contact information and an e-mail address). The Senior Discount Website itself is therefore insufficient to confer personal jurisdiction over T-Mobile.

Courts often examine minimum contacts for tort claims under the "effects test" established in the Supreme Court's decision, *Calder v. Jones*, 465 U.S. 783 (1984). *See Nunes*, 582 F. Supp. 3d 387, 399 (explaining that the effects test is "'but one facet of the ordinary minimum contact analysis, to be considered as part of the full range of defendant's contacts with the forum'") (quoting *Busch v. Viacom Int'l, Inc.*, 477 F. Supp. 2d 764, 772 (N.D. Tex. 2007)). Under the effects test, "a defendant may be subject to specific jurisdiction when he intentionally directs his wrongful conduct at a resident of the forum state and knows that the brunt of the harm will be suffered in that state." *L.G. Motorsports, Inc. v. NGMCO, Inc.*, No. 4:11CV112, 2012 WL 718594, at *3 (E.D. Tex. Mar. 6, 2012), *report and recommendation adopted*, No. 4:11CV112, 2012 WL 1081062 (E.D. Tex. Mar. 30, 2012).

The *Revell* and *Nunes* courts applied the "effects test" in the context of defamation claims on mass media and websites, which are analogous to website false advertising claims for this

purpose. In this context, the "effects test" focuses on whether the forum state was the "focal point both of the story and the harm suffered" as a basis for specific personal jurisdiction. *See Revell*, 317 F.3d at 473–74 (finding no personal jurisdiction where, unlike in *Calder*, the communication at issue contained no reference to Texas and "it was not directed at Texas readers as distinguished from readers in other states" such that Texas was not the focal point of the story); *Nunes* 582 F. Supp. 3d at 400, 404 (dismissing action where plaintiff presented no facts that the defendant's website was directed at Texas); *see also Intellect Design Arena, Inc. v. DataCubes Inc.*, No. CV1912184ESSCM, 2020 WL 2832568, at *5 (D.N.J. June 1, 2020) (finding no specific personal jurisdiction in a false advertising case in New Jersey because "even assuming that Defendants directed the alleged attack at Plaintiff's clients across the country" the plaintiff "fail[ed] to show that Defendants expressly aimed their conduct at New Jersey").

Here, the Website does not mention Texas, much less contain any indication that Texas was its specific focus or target. *See Johnson v. TheHuffingtonPost*, 21 F.4th 314, 319–20 (5th Cir. 2021) (affirming district court's dismissal for lack of specific personal jurisdiction where allegedly libelous story published online had no ties to Texas, did not mention Texas, recounted a meeting that took place outside of Texas, and used no Texan sources). Additionally, with regard to the harm aspect of the effects test, AT&T Mobility is headquartered in Atlanta, Georgia. (Compl. ¶ 13.) Thus, any alleged harm to AT&T Mobility from the Website was not felt in Texas. *See CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1079 (9th Cir. 2011) ("We have repeatedly held that a corporation incurs economic loss, for jurisdictional purposes, in the forum of its principal place of business"). AT&T Mobility has failed to demonstrate that T-Mobile purposefully directed its suit-related activities at Texas.

### (b) AT&T Mobility's Claim Does Not Arise Out T-Mobile's Texas Contacts

The second prong of the specific jurisdiction analysis—whether AT&T Mobility's cause of action arises out of or results from T-Mobile's forum-related contacts—likewise supports dismissal. AT&T Mobility's claim arises out of a Website available to all consumers nationwide. There is nothing specific to the state of Texas or directed at the state of Texas. A nationwide advertising campaign by a Washington-based company does not constitute a Texas-based contact. *Ham*, 4 F.3d at 416 (holding that "the instant action does not arise from contacts of [defendants] with Texas"). For this reason as well, AT&T Mobility's claims should be dismissed for failure to establish specific personal jurisdiction.

### (c) Exercise of Personal Jurisdiction Over T-Mobile Is Not Reasonable

Because AT&T Mobility cannot satisfy the first two prongs, it is not necessary for the Court to address the reasonableness prong. *See Seiferth*, 472 F.3d at 271 ("If the plaintiff successfully satisfies the first two prongs, the burden shifts to the defendant to defeat jurisdiction by showing that its exercise would be unfair or unreasonable."). Nevertheless, the Court's exercise of jurisdiction over T-Mobile would also "violate traditional notions of fair play and substantial justice." *Nunes*, 582 F. Supp. 3d at 401; *Burger King Corp. v. Rudzewicz*, 471 U.S. at 476.

In considering whether the Court's exercise of jurisdiction would be fair and reasonable, courts "may evaluate 'the burden on the defendant,' 'the forum State's interest in adjudicating the dispute,' 'the plaintiff's interest in obtaining convenient and effective relief,' 'the interstate judicial system's interest in obtaining the most efficient resolution of controversies,' and the 'shared interest of the several States in furthering fundamental substantive social policies.'" *Burger King*, 471 U.S. at 476-77 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980)). "[J]urisdictional rules may not be employed in such a way as to make litigation so gravely difficult

and inconvenient that a party unfairly is at a severe disadvantage in comparison to his opponent." *Id.* at 478.

It is not reasonable for this Court to exercise personal jurisdiction over T-Mobile. Litigating this case in Texas imposes an unfair burden on T-Mobile, which is domiciled in Washington State. *See Nunes*, 582 F. Supp. 3d at 401 ("forcing NBCU, a non-resident of Texas, to defend a lawsuit brought here by another non-resident would impose an unjustified and unconstitutional burden on NBCU"). Similarly, AT&T Mobility is not located in Texas—it is domiciled in Georgia. Texas does not have any particular interest in litigating a dispute between two nonresident corporations concerning a nationwide advertising campaign that is arises under federal, not Texas, law. There are several forums where a court could exercise personal jurisdiction over T-Mobile for this claim, but Texas is not one of them.

For these reasons, AT&T Mobility fails to set forth a *prima facie* basis for specific personal jurisdiction, in addition to its failure to establish general personal jurisdiction. The Court should, therefore, dismiss this action.

## IV. CONCLUSION

For the foregoing reasons, T-Mobile respectfully requests that the Court grant T-Mobile's motion under Rule 12(b)(2) and dismiss the complaint in its entirety for lack of personal jurisdiction.

Dated: September 16, 2022

FRANKFURT KURNIT KLEIN & SELZ, P.C.

By: */s/ Craig B. Whitney*
Craig B. Whitney*
Molly G. Rothschild*
Kristen G. Niven*
28 Liberty Street 35th Fl.

New York, NY 10005
Tel: (212) 980-0120
Fax: (212) 593-9175
cwhitney@fkks.com
mrothschild@fkks.com
kniven@fkks.com
*Admitted *pro hac vice*

GILLAM & SMITH LLP
Melissa R. Smith (Texas State Bar No. 24001351)
melissa@gillsamsmithlaw.com
J. Travis Underwood
Texas Bar No. 24102587
travis@gillamsmithlaw.com
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

*Attorneys for Defendant T-Mobile USA, Inc.*

14

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service and are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on September 16, 2022.

*/s/ Melissa R. Smith*