IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| AT&T MOBILITY LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-CV-00760-ALM |
| | § | |
| T-MOBILE USA INC., | § | **JURY TRIAL DEMANDED** |
| | § | |
| Defendant. | § | |

**JOINT RULE 26(f) REPORT**

Plaintiff AT&T Mobility LLC ("AT&T") and Defendant T-Mobile USA, Inc. ("T-Mobile"), through their counsel, conferred via telephone on October 18, 2022, as required by Federal Rule of Civil Procedure 26(f) and the Court's September 27, 2022 Order Governing Proceedings (Dkt. #26). The counsel in attendance were Pete Marketos and Tyler Bexley for AT&T and Melissa Smith, Craig Whitney, and Molly Rothschild for T-Mobile. In accordance with the Court's Order, the parties jointly submit this Rule 26(f) Conference Report.

**1.    A brief factual and legal synopsis of the case.**

AT&T filed this lawsuit asserting that T-Mobile's "BannedSeniors.com" advertising campaign is false and misleading in violation of Section 43(a) of the Lanham Act. AT&T alleges that the following claims are literally false:

- T-Mobile's claim that AT&T "bans" senior discounts or 55+ discounts;

- T-Mobile's claim that 92% of seniors in the U.S. cannot get a wireless discount from AT&T;

- T-Mobile's claim that seniors outside of Florida cannot get a wireless discount from AT&T;

- T-Mobile's claim that the only way for seniors to get a wireless discount are to switch to T-Mobile, move to Florida, or get a virtual mailbox in Florida; and

1

- T-Mobile's graphics conveying these claims.

AT&T contends that T-Mobile's "BannedSeniors.com" advertising campaign has caused and continues to cause harm to AT&T by causing consumers nationwide into choosing wireless service with T-Mobile instead of AT&T based on false and misleading claims.

AT&T filed an Application for Preliminary Injunction (Dkt. #3), which is fully briefed and was heard on September 23, 2022. AT&T also seeks monetary damages and permanent injunctive relief.

T-Mobile disputes AT&T's contentions that the challenged statements are literally false, nor has AT&T alleged any implied falsity from the challenged statements. T-Mobile filed an opposition to AT&T's Application for Preliminary Injunction arguing, among other things, that AT&T cannot succeed on the merits of its Lanham Act claim (Dkt. #19). T-Mobile also disputes AT&T's contention that T-Mobile's "BannedSeniors.com" advertising campaign has caused and continues to cause harm to AT&T.

**2. The jurisdictional basis for this suit.**

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. T-Mobile disputes this Court has personal jurisdiction over it. T-Mobile filed a motion to dismiss pursuant to Rule 12(b)(2) (Dkt. #18). This motion is fully briefed and remains pending.

**3. A list of the correct names of the parties to this action and any anticipated additional or potential parties.**

T-Mobile is not correctly named in the caption above. The correct name of defendant is: T-Mobile USA, Inc. The parties are not currently aware of any additional or potential parties to be added at this time.

4. **A list of any cases related to this case pending in any state or federal court, identifying the case numbers and courts along with an explanation of the status of those cases.**

None.

5. **Confirm that initial mandatory disclosures required by Rule 26(a)(1) and the Court's order have been completed.**

The parties have agreed to extend the deadline for initial disclosures to November 11, 2022 to allow sufficient time to gather responsive documents and information. The parties will provide notice to the Court that initial disclosures have been completed in advance of the Rule 16 management conference.

6. **Proposed scheduling order deadlines.**

The parties propose adding a deadline for rebuttal expert designation. The parties also propose moving the deadline to object to any other party's expert witnesses to after the close of discovery, occurring on the same day as the deadline for motions to dismiss, motions for summary judgment, or other dispositive motions. Other than that, the parties do not believe any deviation from the standard schedule is necessary. The proposals below reflect the deadlines in the standard schedule, as well as the proposed deviations.

| Deadline | Event |
|---|---|
| November 22, 2022 | Deadline for motions to transfer |
| December 27, 2022 | Deadline to add parties |
| April 20, 2023 | Deadline by which the parties shall notify the Court of the name, address, and telephone number of the agreed-upon mediator, or request that the Court select a mediator, if they are unable to agree on one. |
| June 1, 2023 | Mediation must occur by this date. |
| January 24, 2023 | Plaintiff's disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule CV-26(b). |
| February 7, 2023 | Deadline for Plaintiff to file amended pleadings. (A motion for leave to amend is required.) |

| | |
|---|---|
| February 21, 2023 | Defendant's disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule CV-26(b). |
| March 7, 2023 | Deadline for Defendant's final amended pleadings. (A motion for leave to amend is required.) |
| March 7, 2023 | Disclosure of rebuttal expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule CV-26(b). |
| May 16, 2023 | All discovery shall be commenced in time to be completed by this date. |
| July 20, 2023 | Deadline to object to any other party's expert witnesses. Objection shall be made as a motion to strike or limit expert testimony and shall be accompanied by a copy of the expert's report in order to provide the court with all the information necessary to make a ruling on any objection. |
| July 20, 2023 | Deadline for motions to dismiss, motions for summary judgment, or other dispositive motions. |
| October 26, 2023 | Notice of intent to offer certified records. |
| October 26, 2023 | Counsel and unrepresented parties are each responsible for contacting opposing counsel and unrepresented parties to determine how they will prepare the Joint Final Pretrial Order (See Local Rule CV-16(b) and Joint Proposed Jury Instructions and Verdict Form (or Proposed Findings of Fact and Conclusions of Law in non-jury cases). |
| November 2, 2023 | Deposition Designation due. Each party who proposes to offer a deposition by video shall serve on all other parties a disclosure identifying the line and page numbers to be offered. All other parties will have seven calendar days to serve a response with any objections and requesting cross examination line and page numbers to be included. Counsel must consult on any objections and only those that cannot be resolved shall be presented to the Court. The party who filed the initial Video Deposition Designation is responsible for preparation of the final edited video in accordance with all parties' designations and the Court's rulings on objections. |
| November 7, 2023 | Motions in Limine due. |
| November 7, 2023 | File Joint Pretrial Order (See www.txed.uscourts.gov). |
| November 27, 2023 | Responses to Motions in Limine due. |
| November 27, 2023 | File objections to witnesses, deposition extracts, and exhibits listed in pre-trial order. (This does not extend |

4

|  | deadline to object to expert witnesses.) |
|---|---|
| November 27, 2023 | File Proposed Jury Instructions/Form of Verdict (or Proposed Findings of Fact and Conclusions of Law). |
| Date set by Court | If numerous objections are filed, the Court may set a hearing to consider all pending motions and objections. |
| December 7, 2023 | Final Pretrial Conference at 9:00 a.m. at the Paul Brown United States Courthouse located at 101 East Pecan Street in Sherman, Texas. Date parties should be prepared to try case. All cases on the Court's Final Pretrial Conference docket for this day have been set at 9:00 a.m. However, prior to the Final Pretrial Conference date, the Court will set a specific time between 9:00 a.m. and 4:00 p.m. for each case, depending on which cases remain on the Court's docket. |
| To be determined | 10:00 a.m. Jury selection and trial at the Paul Brown United States Courthouse located at 101 East Pecan Street in Sherman, Texas. Cases that remain for trial following the Court's Pretrial docket will be tried between January 2, 2024 and February 2, 2024. A specific trial date in this time frame will be selected at the Final Pretrial Conference. |

7. **Describe in accordance with Rule 26(f):**

   **(i)** **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

The parties expect to conduct discovery regarding the following subjects:

- Advertising and marketing materials, including drafts, relating to the "BannedSeniors.com" advertising campaign;

- Internal communications relating to the "BannedSeniors.com" advertising campaign;

- Public relations and marketing communications relating to the "BannedSeniors.com" advertising campaign;

- Customer communications, complaints, and surveys relating to the "BannedSeniors.com" advertising campaign;

5

- Customer call logs and chat logs relating to the "BannedSeniors.com" advertising campaign;

- Data relating to the "BannedSeniors.com" website, including visitor counts and click-through reports;

- Churn/porting data, including ports in and out for 55+ customers in the time prior to and following the launch of the "BannedSeniors.com" advertising campaign and data specific to the Sun City, Arizona area;

- Advertising and marketing materials relating to AT&T's Unlimited 55+ Plan for Floridians 55 and over;

- Advertising and marketing materials relating to all AT&T discounts, discounted plans, or plans only available to individuals 55 and over;

- Advertising and marketing materials relating to AT&T's AARP member discount;

- Internal communications relating to AT&T's Unlimited 55+ Plan for Floridians 55 and over;

- Internal communications relating to the states and locations where AT&T offers discounted plans only for individuals 55 and over, and where AT&T has decided not to offer discounted plans only for individuals 55 and over;

- Internal communications relating to AT&T's AARP member discount;

- Internal communications relating to all AT&T discounts, discounted plans, or plans only available to individuals 55 and over;

- Documents showing plan pricing for AT&T's Unlimited 55+ Plan for Floridians 55 and over and for individuals utilizing AT&T's AARP member discount; and

- Customer call logs and chat logs relating to AT&T's Unlimited 55+ Plan for Floridians 55 and over and customers inquiring about a 55+ discount in states other than Florida.

The parties do not believe discovery should be phased or otherwise limited beyond the ordinary scope of the Federal Rules of Civil Procedure. The parties believe that the proposed deadline of May 16, 2023 will allow sufficient time to complete discovery.

> **(ii)** Any issues relating to disclosure or discovery of electronically stored information ("ESI"), including the form or forms in which it should be produced (whether native or some other reasonably usable format) as well as any methodologies for identifying or culling the relevant and

6

> **discoverable ESI. Any disputes regarding ESI that counsel for the parties are unable to resolve during conference must be identified in the report.**

Except as set forth below for native documents, ESI shall be produced as single page, uniquely and sequentially numbered PDF or TIFF files. The PDF or TIFF files shall contain searchable text generated using Optical Character Recognition ("OCR"). The files shall be named to match the endorsed number assigned to the image of the first page of the document. Time zone for all productions will be normalized to GMT. The producing party shall also provide a load file corresponding to the PDF or TIFF files, which shall contain the metadata, as reasonably available, including, but not limited to, information pertaining to the "To:," "From:," "cc:," "Subject:," and "Date:" fields. The PDF or TIFF files shall also be accompanied by a cross-reference file in the format requested by each party providing the beginning and ending endorsed number of each document and the number of pages it comprises. There is no obligation on a party to create metadata where none exists.

Spreadsheets shall be produced solely as native files with a placeholder PDF file showing the document Bates Number and stating "Produced in Native Format." The database load files will include a link to the NativeFile field, along with extracted text. The parties may also request and/or agree to produce other types of ESI in native format.

> **(iii) Any agreements or disputes relating to asserting claims of privilege or preserving discoverable information, including electronically stored information and any agreements reached under Federal Rule of Evidence 502 (such as the potential need for a protective order and any procedures to which the parties might agree for handling inadvertent production of privileged information and other privilege waiver issues). A party asserting that any information is confidential should immediately apply to the Court for entry of a protective order. Unless a request is made for modification, the Court will use the form found on the Eastern District website.**

The parties are in the process of negotiating an agreed proposed Protective Order and will submit their proposal to the Court for entry.

 **(iv) Any changes that should be made in the limitations on discovery imposed by the Rules, whether federal or local, and any other limitations that should be imposed.**

None at this time.

 **(v) Whether any other orders should be entered by the Court pursuant to Federal Rule of Civil Procedure 26(c) or 16(b), (c).**

None at this time.

**8. State the progress made toward settlement, and the present status of settlement negotiations, including whether a demand and offer has been made. If the parties have agreed upon a mediator, also state the name, address, and phone number of that mediator, and a proposed deadline for mediation. An early date is encouraged to reduce expenses. The Court will appoint a mediator if none is agreed upon.**

At this stage, the parties do not believe that substantive settlement discussions would be productive. As a result, no formal settlement demands or offers have been exchanged.

The parties are in the process of discussing potential mediators and anticipate that they will be able to agree on a proposed mediator. The parties propose a mediation deadline of June 1, 2023 and propose to notify the Court by April 20, 2023 of an agreed mediator or, if they are unable to agree, to request that the Court appoint a mediator.

**9. The identity of persons expected to be deposed.**

AT&T expects to depose a corporate representative of T-Mobile, Clint Patterson, and other employees in T-Mobile's marketing and advertising groups (to be identified following the exchange of initial disclosures and documents).

T-Mobile expects to depose a corporate representative of AT&T, Mitch Farber, and employees in AT&T's marketing and advertising groups, including but not limited to employees

with knowledge about AT&T's 55+ plans (to be identified following the exchange of initial disclosures and documents).

**10. Estimated trial time and whether a jury demand has been made.**

The parties estimate six to seven days for trial. A jury demand has been made.

**11. The name of attorneys who will appear on behalf of the parties at the management conference (the appearing attorney must be an attorney of record and have full authority to bind the client).**

For AT&T: Pete Marketos, Tyler Bexley, and Jamison Joiner.

For T-Mobile: Craig Whitney, and Melissa Smith or Travis Underwood

**12. Whether the parties jointly consent to trial before a magistrate judge.**

The parties do not consent to a trial before a magistrate judge.

**13. Any other matters that counsel deem appropriate for inclusion in the joint conference report or that deserve the special attention of the Court at the management conference.**

None at this time.

Respectfully submitted,

| | |
|---|---|
| By: /s/ Pete Marketos<br>   Pete Marketos<br>    State Bar No. 24013101<br>    pete.marketos@rm-firm.com<br>   Tyler J. Bexley<br>    State Bar No. 24073923<br>    tyler.bexley@rm-firm.com<br>   Jamison M. Joiner<br>    State Bar No. 24093775<br>    jamison.joiner@rm-firm.com<br><br>**REESE MARKETOS LLP**<br>750 N. Saint Paul St., Suite 600<br>Dallas, Texas 75201-3202<br>214.382.9810 telephone<br>214.501.0731 facsimile<br><br>**ATTORNEYS FOR PLAINTIFF AT&T MOBILITY LLC** | By: /s/ Craig B. Whitney<br>  Craig B. Whitney*<br>  Molly G. Rothschild*<br>**FRANKFURT KURNIT KLEIN & SELZ PC**<br>28 Liberty Street, 35th Fl.<br>New York, NY 10005<br>(212) 980-0120<br>cwhitney@fkks.com<br>mrothschild@fkks.com<br>**Admitted pro hac vice*<br><br>**GILLAM & SMITH LLP**<br>Melissa R. Smith<br>J. Travis Understood<br>303 South Washington Avenue<br>Marshall, Texas 75670<br>(903) 934-8450<br>melissa@gillamsmithlaw.com<br>travis@gillamsmithlaw.com<br><br>**ATTORNEYS FOR DEFENDANT T-MOBILE USA, INC.** |

### CERTIFICATE OF SERVICE

     The undersigned certifies that, on November 1, 2022, the foregoing document was submitted to the clerk of the U.S. District Court, Eastern District of Texas, using the electronic case filing system (CM/ECF) of the court. I certify that the document was served on all known counsel of record electronically as authorized by Federal Rule of Civil Procedure 5(b)(2).

                                                               /s/ Pete Marketos<br>
                                                               Pete Marketos