# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| AT&T MOBILITY LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>T-MOBILE USA INC.,<br><br>   Defendant. | Civil Action No. 4:22-CV-00760<br><br>**JURY TRIAL DEMANDED** |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant T-Mobile USA, Inc. ("T-Mobile"), by and through its attorneys, hereby submits this Answer to the Complaint of AT&T Mobility LLC ("AT&T") Dkt. No. 1, dated September 6, 2022 (the "Complaint"), and responds as follows:

## ANSWER

### SUMMARY[1]

1.  T-Mobile lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 1 of the Complaint, and on that basis denies, except admits that competition exists between AT&T and T-Mobile.

2.  T-Mobile lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 2 of the Complaint, and on that basis denies, except admits that T-Mobile advertises its products and services.

---

[1] The section headings used in the Complaint are repeated in this Answer solely as a matter of convenience and do not constitute an admission.

3. T-Mobile lacks knowledge or information sufficient to form a belief as to the first allegation set forth in Paragraph 3 of the Complaint, and on that basis denies.  The second and third statements in Paragraph 3 of the Complaint contain legal conclusions to which no response it required.

4. Paragraph 4 of the Complaint contains legal conclusions to which no response it required and on that basis, T-Mobile denies the allegations.

5. In response to the allegations set forth in Paragraph 5 of the Complaint, T-Mobile admits that one of its advertising campaigns can be found at "BannedSeniors.com," but denies that Paragraph 5 of the Complaint contains an accurate representation of the contents of that website.

6. T-Mobile denies the allegations set forth in Paragraph 6 of the Complaint.

7. T-Mobile denies the allegations set forth in Paragraph 7 of the Complaint.

8. T-Mobile denies the allegations set forth in Paragraph 8 of the Complaint.

9. T-Mobile denies the allegations set forth in Paragraph 9 of the Complaint.

10. T-Mobile denies the allegations set forth in Paragraph 10 of the Complaint.

11. T-Mobile denies the allegations set forth in Paragraph 11 of the Complaint.

12. The statement in Paragraph 12 of the Complaint that "AT&T files this action for damages and injunctive relief to stop T-Mobile's false advertising" is a legal conclusion to which no response it required, except T-Mobile admits that AT&T filed the Complaint for damages and injunctive relief.

**PARTIES**

13. T-Mobile lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 13 of the Complaint and on that basis, T-Mobile denies the allegations.

14. T-Mobile admits the allegations set forth in Paragraph 14 of the Complaint, except T-Mobile's correct entity name is T-Mobile USA, Inc., not T-Mobile USA Inc.

## JURISDICTION AND VENUE

15. Paragraph 15 of the Complaint contains legal conclusions to which no response it required.

16. Paragraph 16 of the Complaint contains legal conclusions to which no response is required.

17. Paragraph 17 of the Complaint contains legal conclusions to which no response is required, except T-Mobile admits that it advertises and markets nationwide and has retail stores in the district.

## FACTUAL BACKGROUND

18. T-Mobile admits the allegations set forth in Paragraph 18 of the Complaint.

19. In response to the allegations set forth in Paragraph 19 of the Complaint, T-Mobile admits that on August 30, 2022, it issued a press release. T-Mobile denies the remainder of the allegations.

20. In response to the allegations set forth in Paragraph 20 of the Complaint, T-Mobile admits that it created the "BannedSeniors.com" Website and directs the Court to the website for its contents. T-Mobile denies the remainder of the allegations.

21. T-Mobile denies the allegations set forth in Paragraph 21 of the Complaint.

22. T-Mobile lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 22 of the Complaint and on that basis, they are denied.

23. T-Mobile lacks knowledge or information sufficient to form a belief as to the first allegation set forth in Paragraph 23 of the Complaint, and on that basis denies. T-Mobile denies the allegations in the second sentence of Paragraph 23.

24. In response to the allegations set forth in Paragraph 24 of the Complaint, T-Mobile admits that the "BannedSeniors.com" Website contains graphics and directs the Court to the website for its contents. T-Mobile denies the remainder of the allegations.

25. In response to the allegations set forth in Paragraph 25 of the Complaint, T-Mobile admits that the "BannedSeniors.com" Website contains a map graphic and directs the Court to the website for its contents, but otherwise denies the remaining allegations set forth in Paragraph 25 of the Complaint.

26. T-Mobile denies the allegations set forth in Paragraph 26 of the Complaint.

**CAUSE OF ACTION—FALSE ADVERTISING UNDER THE LANHAM ACT**
**(15 U.S.C. § 1125(a))**

27. In response to Paragraph 27 of the Complaint, T-Mobile restates and incorporates by reference the foregoing responses as though set forth fully herein.

28. T-Mobile denies the allegations set forth in Paragraph 28 of the Complaint.

29. T-Mobile denies the allegations set forth in Paragraph 29 of the Complaint.

30. T-Mobile denies the allegations set forth in Paragraph 30 of the Complaint.

31. T-Mobile denies the allegations set forth in Paragraph 31 of the Complaint.

32. T-Mobile denies the allegations set forth in Paragraph 32 of the Complaint.

33. T-Mobile denies the allegations set forth in Paragraph 33 of the Complaint.

**JURY DEMAND**

34. Paragraph 34 of the Complaint contains legal conclusions to which no response is required.

**AFFIRMATIVE DEFENSES**

Without altering the burden of proof, T-Mobile asserts the defenses set forth below. These defenses are asserted based upon T-Mobile's preliminary investigation of the asserted allegations,

which is not yet complete and will remain so pending discovery in this matter. T-Mobile may have additional defenses and affirmative defenses to Plaintiff's claims. T-Mobile, therefore, reserves the right to add, delete, or modify the affirmative defenses in this Answer and reserves all defenses at law or equity that may now exist or in the future be available based on discovery and further investigation.

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

AT&T's claims are barred, in whole or in part, because they fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
**(Unclean Hands)**

AT&T's claims are barred, in whole or in part, by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE
**(No Damages)**

AT&T cannot establish that it has suffered any damages, and its purported damages, if any, are vague, uncertain, imaginary, and speculative.

### FOURTH AFFIRMATIVE DEFENSE
**(Personal Jurisdiction)**

AT&T's claims are barred, in whole or in part, because the court lacks jurisdiction over T-Mobile.

**WHEREFORE,** T-Mobile respectfully requests that the Court enter judgment against AT&T:

    A.    dismissing AT&T's Complaint in its entirety with prejudice;

    B.    awarding T-Mobile its reasonable costs and attorneys' fees; and

    C.    awarding T-Mobile such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, T-Mobile demands a trial by jury in this action of all issues so triable.

Dated: January 27, 2023

        FRANKFURT KURNIT KLEIN & SELZ, P.C.

        By: */s/ Melissa R. Smith*
        Craig B. Whitney*
        Molly G. Rothschild*
        28 Liberty Street, 35th Fl.
        New York, NY 10005
        (212) 980-0120
        cwhitney@fkks.com
        mrothschild@fkks.com

        *Admitted *pro hac vice*

        GILLAM & SMITH LLP
        Melissa R. Smith
        J. Travis Understood
        303 South Washington Avenue
        Marshall, Texas 75670
        (903) 934-8450
        melissa@gillamsmithlaw.com
        travis@gillamsmithlaw.com

        *Attorneys for Defendant T-Mobile USA, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that all counsel of record who have consented to electronic service and are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on January 27, 2023.

/s/ Melissa R. Smith